RECEIVED
JAN 1 1 2011
TONY R. MOORE, CLERK
BY:_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO: 06-50107 |
| | CIVIL NO: 08-00187 |
| VERSUS | JUDGE DONALD E. WALTER |
| ANTWUAN WILSON | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is a petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. section 2255 filed by Defendant, Antwuan Wilson. [Docs. #39, 40, 43]. For the reasons set forth below, Defendant's petition is hereby **DENIED**.

### BACKGROUND FACTS

Defendant became the subject of an investigation after Shreveport Police officers received a tip from a confidential informant that an individual known as "Black" was distributing cocaine from his residence on Milton Street in Shreveport, Louisiana. On November 29, 2005, upon instruction by police, the informant contacted "Black" by telephone and set up a sale of 62 grams of crack cocaine. In a telephone conversation recorded by police, "Black" instructed the informant to come to his house to conduct the transaction. Thereafter, the informant was given $1,300.00 to make the purchase and was outfitted with an electronic recording device. The informant went to "Black's" house and purchased 62.07 grams of cocaine base. The informant later identified "Black" as the Defendant, Antwuan Wilson.

On June 28, 2006, a one count indictment was issued charging the Defendant with Possession

1

With Intent to Distribute Crack Cocaine in violation of 21 U.S.C. § 841(a)(1). [Doc. #1]. Defendant was arrested on July 3, 2006. On July 7, 2006, the Court appointed attorney Pamela Smart ("Smart") as counsel for Defendant. [Doc.# 9]. On July 13, 2006, Smart filed a motion for Rule 16 Discovery and Inspection of information and evidence within the possession of the Government. [Doc. #11]. On July 28, 2006, Larry English ("English") filed a motion to enroll as counsel for the Defendant, which the Court granted, thus terminating Smart's representation. [Doc. #16].

On August 1, 2006, a scheduling conference was held before Magistrate Judge Hornsby. [Doc. #17]. English made an oral motion to the Court to continue the trial beyond the seventy days set forth by the Speedy Trial Act. The Court granted this request, noting the complexity of the discovery in the case and the nature of the pending charges both supported a finding that additional time was necessary for the effective preparation by counsel for the Defendant and the Government. [Doc. #17]. In granting this request, the Court found that the ends of justice outweighed the public's and Defendant's rights to a speedy trial. *Id.*

The Government filed a motion for a *Garcia* hearing on August 4, 2006, to inquire as to whether potential conflicts of interest existed between the attorneys and the clients in this case. [Doc. #19]; *U.S. v. Garcia*, 517 F.2d 272 (5th Cir. 1975). The Court noted in a minute entry dated August 14, 2006, that the Defendant provided a copy of a letter terminating English as his retained counsel, rendering the *Garcia* hearing unnecessary. [Doc. #20]. Thereafter, the Federal Public Defender was appointed to represent Defendant. *Id.* On August 21, 2006, the Court reappointed Smart as Defendant's attorney. [Doc. #21].

On October 6, 2006, the Government filed notice of it's intent to introduce evidence of

Defendant's prior narcotic conviction pursuant to 21 U.S.C. § 851. [Doc. #24]. The Government noted that Defendant had a state court conviction in 1996 for possession with intent to distribute over 400 grams of cocaine. *Id.* The Government noted that the prior conviction would subject Defendant, if guilty, to a mandatory minimum of not less than 20 years imprisonment with a term of supervised release of not less than 10 years. *Id.*

On October 19, 2006, Defendant voluntarily entered into a plea agreement with the Government in which he accepted responsibility for the crime charged and agreed to cooperate with the Government's investigation in exchange for a one point reduction in his offense level and immunity from further prosecution based on the Government's investigation. [Doc. #26]. Additionally, Defendant signed the agreement stating that it was "entered into freely, knowingly, and voluntarily with no threats or coercion, after due consultation with his attorney. *Id.* Defendant also signed a document entitled "Understanding of Maximum Penalty and Constitutional Rights" wherein he again stated that his plea was voluntary and made without threats or inducements from the Government or his attorney, and that the only reason he entered the plea was because he was in fact guilty as charged. [Doc. #26-1].

A change of plea hearing was held on October 19, 2006. [Doc. #25]. During the hearing the Court recited its standard colloquy before accepting Defendant's plea. Part of the Court's exchange with Defendant went as follows:

> The Court: Are you satisfied with her [Smart] as a lawyer?
>
> Defendant: Yes, sir.
>
> The Court All right. As I told you before, and I will tell you again – and I'm sure Ms. Smart has also told you – you do not have to plead guilty. Under our

3

|   |   |
|---|---|
|   | Constitution and laws, the United States is required to prove you guilty beyond a reasonable doubt before a jury of 12 of your fellow citizens, all of whom would have to agree that the government had proven you guilty beyond a reasonable doubt. You don't have to prove anything. Do you understand that? |
| Defendant: | Yes, sir. |
| The Court: | In other words, you're presumed to be innocent; it's up to the government to overcome that presumption. And as I say, by competent evidence and beyond a reasonable doubt. You don't have to prove anything. You understand that? |
| Defendant: | Yes, sir. |
| The Court: | If we had a trial, the witnesses for the government would have to come to court and testify in your presence and in the presence of your lawyer, who could cross-examine the witnesses, and object to evidence offered by the government. You could put on evidence. You could subpoena witnesses from anywhere. You can testify. No one can make you testify, but you may testify if you wish to do so. Do you understand all that? |
| Defendant: | Yes, sir. |
| The Court: | If I accept your guilty plea, none of that's going to happen; I'm just going to find you guilty and sentence you based on your plea. Understood? |
| Defendant: | Yes, sir. |

\* \* \* \* \*

| | |
|---|---|
| The Court: | Tell me what you're pleading guilty to in your own words. |

Defendant: Possession of – possession with intent to distribute.

The Court: Cocaine, crack?

Defendant: Yes, sir.

The Court: At least 50 grams of it?

Defendant Yes, sir.

The Court: The maximum penalty is, as you know, 20 years to life, a fine of up to $8 million, supervised release of at least 10 years, and a $100 assessment to the Crime Victim Fund.

Am I right, Mr. Van Hook?

Mr. VanHook: Yes, Your Honor.

The Court: Ms. Smart?

Ms. Smart: Yes, Your Honor.

The Court: Did you know that?

Defendant: Yes, sir.

* * * *

The Court: There's a plea agreement. Well, first, let me ask you: Has anyone forced you or threatened you to plead guilty?

Defendant: No, sir.

The Court: All right. There is a plea agreement, and I understand it's very simple. You're going to plead guilty to this one-count indictment. You're going to cooperate with the government and answer their questions whenever and wherever they ask you to be. You will testify truthfully. Anything that you

|  | |
|---|---|
| | say to them after today will be -- you have use immunity; that is, the government can't use it in any subsequent legal proceeding. And at the time of sentencing, the government will tell me how much help you gave. And they may -- but they're not required to -- make a motion for me to depart below the guidelines. Now, I can't make them file such a motion. Ms. Smart can't make them file such a motion. It is entirely up to them. Do you understand that? |
| Defendant: | Yes, sir. |

* * * * *

| | |
|---|---|
| The Court: | Any other promises made to you, Mr. Wilson? |
| Defendant: | No sir. |

[Doc. #45 - Transcript].

Afterwards, an FBI agent testified that the Government set up a controlled undercover drug purchase between Defendant and a cooperating informant. The FBI recorded telephone calls between the Defendant and the cooperating informant to arrange the meeting and of the actual transaction. The controlled purchased involved the exchange of 62.07 grams of crack cocaine for $1300.00. *Id.*

The Court accepted Defendant's guilty plea:

| | |
|---|---|
| The Court: | Since you acknowledge you're in fact guilty as charged in the indictment, you know what your rights are, what the maximum possible punishment is, the plea is voluntary, there's a factual basis, so I'm going to accept your guilty plea and enter a judgment of guilty based on the plea. You now stand |

convicted.

[Doc. #45 - Transcript].

On November 27, 2006, approximately one month after entering a guilty plea, Defendant sent a letter to Court stating that he wished to withdraw his plea. [Doc. #27].[1] Upon due consideration, the Court denied this request. [Doc. #29].

On February 15, 2007, Defendant was sentenced to a term of 240 months as to Count One, and a ten year term of supervision following his release from prison. [Docs. #33, 34]. Defendant did not appeal his sentence.

Defendant filed his original habeas corpus petition pursuant to 28 U.S.C. section 2255 on February 8, 2008. [Doc. #39]. Defendant filed his First Amended Motion on March 3, 2008. [Doc. #40]. Defendant moved for leave to file a Second Amended Motion, which was granted by the Court, and filed on May 27, 2008. [Doc. #43]. The Government filed a response to these motions. [Doc. #49]. Defendant countered with a reply. [Doc. #52].

## LAW AND ANALYSIS

Defendant seeks habeas relief, alleging that his counsel was ineffective based on the following allegations: (1) failing to establish a defense or research his case; (2) failing to move for a suppression hearing or file "any pretrial motions for his defense"; (3) that a conflict of interest existed because his attorney also represented an individual , Kevin Lee Johnson, who was willing to testify against him; (4) that he was coerced by his counsel to enter a guilty plea; (5) failing to argue that "the prosecutor was vindictive"; (6) failing to raise "sentencing entrapment" as a defense,

---

[1] Defendant's letter, the Government's response, and the Court's order are all filed in the docket under seal. [Docs. #27, 28, 29]. Therefore, this memorandum will not discuss the contents of these filings.

7

or investigate the defense; (7) depriving him of his right to a speedy trial and; (8) failing to assert discrepancies in sentencing guidelines between individuals found guilty of possession and distribution of powered cocaine as compared to crack cocaine. [Docs. #39, 40, 43].

The issues that may be raised within the context of a habeas petition are limited to questions of constitutional rights and "a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *U.S. v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (internal citation omitted). Claims that are not of a constitutional nature which could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. *Id.* Collateral review, such as a 2255 petition, is fundamentally different and cannot replace the function of a direct appeal. Once a conviction is rendered and a defendant has exhausted of waived his right to appeal, the "Court is entitled to presume the defendant stands fairly and finally convicted." *U.S. v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991).

The right to assistance of counsel is guaranteed by the Sixth and Fourteenth Amendments. It has long been understood that the right to counsel includes the right to *effective* assistance of counsel. *See McCann v. Richardson,* 397 U.S. 759, 771 n.14 (1970). Absent effective assistance of counsel, a "serious risk of injustice infects the trial itself." *Cuyler v. Sullivan*, 446 U.S. 335, 343, (1980). Thus, a defendant who receives ineffective assistance is constitutionally deprived of his right to counsel.

A criminal defendant's right to effective assistance of counsel is denied when (1) an attorney's performance falls below an objective standard of reasonableness and (2) counsel's performance thereby prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668 (1984); *Bryant v. Scott,* 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the "reasonableness" prong of the

*Strickland* analysis, a defendant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." *Id.* at 690.

Under the "prejudice" prong of the *Strickland* test, the defendant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 2068.

The two prongs of the *Strickland* test need not be analyzed in any particular order. *See Goodwin v. Johnson*, 132 F.3d 162, 173 n.6 (5th Cir. 1998); *Murray*, 736 F.2d at 282. Further, if a defendant fails to establish either prong of the *Strickland* test, then his claim of ineffective assistance of counsel must fail. *See Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997); *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994); *Williams v. Collins*, 16 F.3d 626, 631 (5th Cir. 1994).

In cases where a defendant has entered a guilty plea the only question for the Court to determine in the context of a habeas petition is whether defendant's decision to enter the guilty plea was voluntary. *U.S. v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). "This is so because in general once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived and the waiver includes all claims of ineffective assistance of counsel, except insofar as the alleged effectiveness relates to the voluntariness of the giving of the guilty plea." *Id.*

9

(internal quotations omitted).

"To prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (citing *Bond v. Dretke*, 384 F.3d 166, 167-68 (5th Cir. 2004)). The "prejudice" element requires more than a mere allegation, the Defendant must affirmatively prove it. *U.S. v. Thompson*, 44 F.3d 1004, 1995 WL 10515, at 2 (5th Cir. 1995) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

1. <u>Failure to Establish a Defense / Research Case</u>

Defendant alleges that counsel "failed to research movant's case, therefore counsel knew that if movant went to trial, movant would be found guilty." [Doc. #39 at 4]. Defendant also alleges that "counsel failed to establish any line of defense on behalf of movant. Counsel never, ever, tried to conduct any investigatory measures on behalf of movant. The only time counsel inquired about movants defense was at the movant's first appearance into Court." [Doc. #39-1 at 8].

Counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. Likewise, "where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of 'prejudice' inquiry [under *Strickland*] will depend largely on whether the affirmative defense likely would have succeeded at trial." *Lockhart v. Hill*, 474 U.S. at 59.

The circumstances of this case do not suggest that counsel's alleged failure to investigate or

develop an affirmative defenses resulted in prejudice to the Defendant sufficient to affect the voluntariness of his guilty plea. The evidence gathered against Defendant is substantial, such that it is unreasonable to believe that any additional investigation by counsel would have changed the likelihood of success at trial.

The only direct witnesses of the drug transaction are the confidential informant and Defendant. The phone call between the informant and Defendant setting up the drug transaction was recorded for use at trial. The informant went to Defendant's home and completed the drug transaction while wearing an electronic recording device. In fact, Defendant freely admits in his 2255 petition that he completed the transaction described in the indictment. [Doc. #39 at 29].

Defendant's filings demonstrate that his main concern is that he believes he was unfairly targeted by investigators as being involved with the Ronald King drug conspiracy, and that but for being mistakenly identified in the "Operation King Ron" investigation he would only have been charged in state court where he would have received a lesser sentence. [Doc. #39-1]. Defendant denies that he was involved in this conspiracy and adamantly argues that his counsel should have used this information in his defense. *Id.*

Although Defendant believes that his alleged lack of involvement in the Ronald King drug conspiracy is relevant as a defense, he is mistaken. Defendant was not charged with conspiracy, only possession with intent to distribute. [Doc. #1]. Defendant became the target of a police investigation after his cell phone number was provided to police by a confidential informant.[2]

Based on the information available to counsel, it is reasonable that counsel's investigation

---

[2] Defendant argues that police actually began their investigation after obtaining his cell phone records in violation of the Fourth Amendment, which is discussed *infra*.

of the facts and circumstances surrounding the case was in fact complete after she reviewed the overwhelming evidence against Defendant.

2.  <u>Failure to Request a Suppression Hearing or File other Pretrial Motions</u>

Defendant alleges that his counsel was ineffective because she did not request a hearing to suppress the Government's use of "illegally acquired" cell phone records. Similarly, Defendant also alleges without further elaboration that his counsel failed to file "other pretrial motions".

A decision by counsel whether to file certain pretrial motions, such as a motion to suppress, is one of numerous decisions made as part of counsel's trial strategy. *See Murray v. Maggio*, 736 F.2d 279, 281-83 (5th Cir. 1984). When an effective assistance of counsel claim is based on an attorney's failure to urge a Fourth Amendment violation, the defendant has the burden of proving that the issue is meritorious and that the evidence would be excludable. *See Ward v. Dretke*, 420 F.3d 479, 488 n. 19 (5th Cir. 2005). Therefore, the inquiry turns on whether a motion to suppress would have been successful. *See U.S. v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987). Counsel cannot be found ineffective for failing to make "futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (internal citation omitted).

Defendant repeatedly argues that he was improperly targeted for investigation as part of the drug conspiracy surrounding Ronald King because the police illegally seized his cell phone records. Defendant states that the cell phone records show calls placed by the mother of his children, Omesha Gilyard, to her brother, Kenyoun Gilyard, an associate of Ronald King. However, Defendant offers no evidence that this is in fact how he became known to investigators.

The Presentence Report (PSR) contradicts Defendant's argument. The PSR states that the Shreveport Police Department learned of the Defendant's illegal activities through a confidential

informant, not Defendant's cell phone records. [PSR at 25]. The confidential informant provided Defendant's cell phone number, which was given to him by Defendant to arrange future drug purchases. *Id.* Defendant acknowledges that he and the confidential informant have been friends for more than 15 years, which supports the police statement that the informant provided police with Defendant's phone number. [Doc. #39-1 at 29].

Based on this information, the Court does not see a valid reason for Defendant's counsel to file a motion to suppress, or any other unspecified pretrial motions. Counsel is not ineffective when the filing of the motion would have been futile.

3. <u>Conflict of Interest</u>

Defendant argues that his counsel was ineffective because she also represented a co-defendant, Kevin Lee Johnson, who was willing to testify against him if his case proceeded to trial. [Doc. #39 at 4]. Defendant alleges that sometime during October of 2006 he happened to meet Kevin Lee Johnson at the Bossier Parish Medium Correctional Facility while they were both waiting to visit with Smart. [Doc. #39-1 at 17]. He states that Johnson told him that he was indicted in the same conspiracy as Defendant. *Id.* Defendant claims that Johnson told him that Smart represented him in a previous case where he was convicted, and that she was now representing him on appeal. [Doc. #39-1 at 18]. Defendant claims that he later learned from Smart and "other sources" that Johnson would testify against him if he proceeded to trial. *Id.* Defendant believes that Johnson and his counsel were "working as agents for the Government" and that the sole reason for his chance meeting with Johnson was to allow Johnson to see what he looked like and testify against him if he proceeded to trial. *Id.* Further, Defendant states that the Court must assume that the reason Johnson received a favorable sentence (only 360 months without an enhancement) is because

Johnson cooperated with the Government and because Defendant pleaded guilty under pressure of his counsel. [Doc. #52 at 5-6].

The Court reviewed the docket sheet in *United States v. Kevin Lee Johnson*, Criminal No: 06-5005 (W.D. La) to evaluate the degree of overlapping representation of Johnson and Defendant. Johnson was indicted on January 1, 2006. After Johnson's previous counsel withdrew from the case, Smart was appointed as counsel for Johnson on May 9, 2006. On August 8, 2006, a jury found Johnson guilty of two counts of the indictment. On December 7, 2006, a judgment was entered sentencing Johnson to 360 months on each count to run concurrently. On December 13, 2006, Smart filed a notice of appeal on Johnson's behalf.

Smart was appointed to represent Defendant on August 21, 2006, approximately two weeks after Johnson was found guilty. Therefore, Smart did represent both Defendant and Johnson (regarding sentencing and appeal) at the same time, although not in the same case.

The Sixth Amendment right to counsel includes the right to conflict-free representation. *U.S. v. Culverhouse*, 507 F.3d 888, 892 (5th Cir. 2007). Multiple or joint representation "does not necessarily create an actual conflict of interest." *Id.* "A conflict will exist only when defense counsel is compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client." *U.S. v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006) (citation omitted). Defendant must show more than a "speculative or potential conflict. It must be demonstrated that the attorney made a choice between possible alternative courses of action. If he did not make such a choice, the conflict remained hypothetical." *Id.* (internal quotations and citations omitted). An actual conflict of interest exists "whenever one defendant stands to gain significantly by counsel adducing probative

14

evidence or advancing plausible arguments that are damaging to the cause of a co-defendant whom counsel is also representing." *Nealy v. Cabana*, 782 F.2d 1362, 1364 (5th Cir. 1986).

Defendant presents the Court with an allegation that his counsel and Johnson were working together as agents for the Government and that counsel worked out a deal with the government for Johnson's benefit provided he cooperate and testify against Defendant. [Doc. #39-1 at 18, 21-23]. The fact that counsel represented Defendant and Johnson in separate proceedings presents only a speculative or potential conflict. Defendant offers no evidence, just his opinion that his counsel compromised her duty of zealous advocacy on his behalf to somehow benefit Johnson. Thus, the Court finds the potential conflict to be merely hypothetical. The potential conflict would have ripened into an actual conflict if the Defendant had not entered a guilty plea, and Johnson was actually called as a government witness. Defendant has not demonstrated that counsel compromised her loyalty of advocacy in his case.

4. <u>Coercion to Enter Guilty Plea</u>

Defendant alleges that he was coerced by his counsel to enter a guilty plea. Specifically, Defendant alleges that she advised him that cooperating with the government "was his only way out", and that he should save himself. [Doc.#39 at 4; #40 at 6]. Defendant states that counsel told him that if the case went to trial that she was sure he would lose, and that he would be sentenced to at least thirty or forty years. [Doc. #39-1 at 19]. Defendant alleges that counsel told him that if he cooperated that she would not let the Government "hang him out to dry." [Doc. #39 at 3]. Finally, Defendant states that counsel threatened that she would withdraw her representation if he refused to enter a guilty plea. [Doc. #39-1 at 23].

As set forth *supra*, Defendant was asked during his change of plea hearing whether his plea

15

was voluntary. [Doc. #45-Transcript]. Defendant was asked by the Court whether he was threatened or coerced to enter a guilty plea, which he denied. *Id.* Defendant was asked by the Court whether any promises were made to him other than what was contained in the plea agreement in exchange for his guilty plea, which he denied. *Id.* These statements are also supported in the signed plea agreement. [Doc. #26].

Counsel has the right to request that the Court allow her to withdraw if her client refuses to plead guilty. *Uresti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987). A lawyer has performed her duty when she has given her best advice, even in cases where she insists that to continue a case to trial is "foolhardy" *Id.* It would be improper and unethical of counsel not to warn her client of the possible repercussions of proceeding to trial. *Id*

Based on the overwhelming evidence against Defendant in this case, counsel was not ineffective for advising her client to enter a guilty plea and cooperate with the government.

5.  <u>Failure to Argue Vindictiveness of Prosecutor</u>

Defendant alleges that his counsel was ineffective for failing to argue that the prosecutor in this case was "vindictive against him." [Doc. #40 at 4]. Defendant states that he entered into a signed proffered plea agreement with the Government on the advice of his counsel. *Id.* The Government then questioned the Defendant, but he refused to answer some of their questions claiming fear of self-incrimination and lack of knowledge. *Id.* Defendant alleges that the prosecutor responded to this perceived lack of cooperation by filing a motion to enhance the mandatory minimum sentence from ten years to twenty years. *Id.* at 5. Defendant states that his counsel advised him that the prosecutor filed for the enhancement because he was not truthful with the investigators. *Id.* at 5-6.

16

There is no presumption of prosecutorial vindictiveness in matters where a prosecutor has discretion whether to seek a sentencing enhancement based on a previous conviction. *U.S. v. Cooks*, 52 F.3d 101, 105-06 (5th Cir. 1995). The Defendant must offer some sort of tangible evidence to support a claim of vindictiveness. *Id.*

In this case the Government filed an Information and Notice of Prior Narcotics Conviction Pursuant to 21 U.S.C. §851 [Doc. #24], which informed the Court that Defendant had a previous state court conviction in 1996 for possession of over 400 grams of cocaine with intent to distribute. Once the Court receives information of a previous conviction and has determined that the Defendant is subject to increased punishment, the Court is required to apply the enhanced penalties. *See* 21 U.S.C. § 851(d)(1). Counsel cannot be found to be ineffective for failing to argue that the prosecutor acted vindictively in informing the Court of his previous conviction when such matters are soundly within the prosecutor's discretion, and Defendant has not offered any tangible evidence thereof.

Defendant also argues that his counsel was ineffective for not objecting to the requested enhancement after he informed her he received a pardon from the State of Louisiana because the drug conviction was his first offense. [Doc. #40 at 15]. The State of Louisiana provides an automatic pardon for first time felony offenders upon completion of the sentence. *See* LSA R.S. 15:572(B)(1). However, the statute specifically provides that anyone who receives a pardon in this manner may still be charged and punished as a second or multiple offender. *See* LSA R.S. 15:572(E). The United States Sentencing Guidelines note that various jurisdictions (for reasons unrelated to innocence) offer pardons to restore civil rights or remove the stigma of criminal conviction. *See* U.S.S.G. 4A1.2, comment 10. However, the Sentencing Guidelines still count these convictions unless they have been expunged. *Id.* Therefore, counsel was not ineffective for failing

17

to argue that Defendant's previous drug conviction should not be considered for enhancement purposes.

  6. <u>Sentencing Enhancement</u>

  Defendant alleges that his counsel was ineffective because she failed to argue that the Government engaged in sentencing entrapment by asking the confidential informant to purchase a quantity crack cocaine in excess of 50 grams. Defendant contends that he normally sold crack in amounts of 1, 3, 5, and 15 gram quantities, and not in the higher amount of 62 grams requested by the informant. [Doc. #39-1 at 29].

  The Ninth Circuit Court of Appeals has recognized the concept of sentencing entrapment, noting that it may occur where a "defendant, although predisposed to commit a minor or lessor offense, is entrapped in committing a greater offense subject to greater punishment." *United States v. Staufer*, 38 F.3d 1103, 1107-08 (9th Cir. 1984). The Fifth Circuit has yet to decide whether sentencing entrapment or sentencing factor manipulation is a cognizable defense. *See U.S. v. Robertson*, 297 Fed. Appx. 316 (5th Cir. 2008) (citing *U.S. v. Washington*, 44 F.3d 1271 (5th Cir. 1995)). Defendant's counsel cannot be held as ineffective for failing to assert a defense that is not currently recognized by the Fifth Circuit.

  However, even if sentencing entrapment were recognized, it would not be applicable in this case. Defendant admits that he was able to sell the 62 grams of crack to the confidential informant because he had just "scored 48 grams of crack and had 15 grams left over from his last score." [Doc. #39-1 at 29]. Defendant was charged with possession and intent to distribute 50 grams or more of cocaine base. [Doc. #1]. The indictment does not require that the distribution occur in a single transaction.

7. <u>Speedy Trial</u>

Defendant alleges that his previously retained counsel, English, was ineffective for waiving his right to a speedy trial without his knowledge. [Doc. #43 at 5].

As discusses *supra*, when a defendant enters a voluntary guilty plea all non-jurisdictional defects in the proceedings below are waived. *U.S. v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992) (citation omitted). The right to a speedy trial under the Speedy Trial Act is a non-jurisdictional matter. *Id.* While Defendant is adamant that he did not consent to waiving the requirement for a speedy trial, he does not allege that the waiver affected the voluntariness of his guilty plea.

8. <u>Crack Cocaine Sentencing Issues</u>

Defendant argues that his counsel was ineffective for failing to assert alleged discrepancies in sentencing between offenses involving powder cocaine and crack cocaine.

The Court construed this argument as a motion for a recalculation of sentence pursuant to 18 U.S.C. § 3582(c)(2), and separated this issue from the habeas petition for further consideration. [Doc. #53].

Pursuant to a standing order of the Court regarding the application the Retroactive Application of November 1, 2007 Amendment to Crack Cocaine Offense Level Guidelines, the Public Defender for the Western District of Louisiana was appointed to represent Defendant and to determine if he may qualify for a reduction of his sentence. [Doc. #54]. The public defender reviewed the Defendant's case and determined that there were no meritorious issues to advance on behalf of Defendant. [Doc. #56].

Upon review, the Court denied Defendant's motion for a recalculation of his sentence pursuant to 18 U.S.C. § 3582(c)(2), because he was subject to a statutory mandatory minimum

19

sentence of 240 months, which the Court could not reduce. [Doc. #57].

Counsel was not ineffective for failing to argue discrepancies between offenses involving crack cocaine and those involving power cocaine. The United States Sentencing Commission issued the guideline sentence in effect at the time Defendant entered his guilty plea, a matter over which counsel had no control.

## CONCLUSION

For the reasons stated herein, the Court concludes that Defendant has failed to establish that but for counsel's alleged ineffectiveness he would not have pleaded guilty. Therefore, Defendant's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. section 2255 [Docs. #39, 40, 43] is **DENIED**.

**THUS DONE AND SIGNED**, this  11  day of January, 2011.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE